UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **JONATHAN HORNE,** | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. GJH-18-3646 |
| **WARDEN TIKAYA PARKER and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND,** | * * | |
| Respondents. | * | |
| | *** | |

## MEMORANDUM OPINION

Self-represented Petitioner Jonathan Horne filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on November 8, 2018. ECF No. 1. Horne challenges the validity of his conviction and sentence after he pleaded guilty to second-degree assault in the Circuit Court for Baltimore City, Maryland, and a concomitant violation of probation that had been imposed in an earlier criminal case. Respondents filed an Answer asserting that Horne's claims do not merit federal habeas relief and should thus be dismissed and denied with prejudice to refiling. ECF No. 8. Horne did not reply.

The court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2021); *see also Fisher v. Lee*, 215 F. 3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. §2254(e)(2)). For the reasons that follow, Horne's Petition is denied and dismissed, and a certificate of appealability will not issue.

**I.     BACKGROUND**

The state circuit court previously recounted the procedural history of this case as follows:

On November 17, 2013, Petitioner was charged in the District Court of Maryland for Baltimore City, case number 1B02237558, with one count of harassment allegedly occurring on the same day. He was arrested on November 20, 2013 and held without bond. On December 23, 2013, the District Court charges were augmented to include two counts of telephone misuse, stalking, trespassing, two counts of second degree assault, reckless endangerment, malicious destruction of property, and theft less than $100.00, all allegedly occurring between July 23, 2012 and November 17, 2013. He requested a jury trial and the case was transferred to the Circuit Court for Baltimore City on January 17, 2014 and assigned case number 814017027. On February 10, 2014, Petitioner tendered a guilty plea to the harassment and stalking charges before the Honorable Lynn Stewart Mays. Judge Mays sentenced Petitioner to three months incarceration on the harassment charge and five years, suspend all but three months, on the stalking charge in favor of three years of supervised probation. Petitioner was credited for time served and was released shortly after sentencing. His supervised probation period was to expire on February 10, 2017.

Petitioner was residing at 1308 Walters Avenue ("The Property") with other members of his family during his probation in case number 814017027. On September 28, 2015, Petitioner was charged in the District Court for Baltimore City with second degree assault and arson/threat, case number 4B02308506. The charges stemmed from allegations that Petitioner assaulted his nephew, who also resided at The Property, and threatened to burn down the house later that night while the family was sleeping. He was arrested on September 30, 2015 and was held without bond. He requested a jury trial and the case was transferred to the Circuit Court for Baltimore City on November 18, 2015 and assigned case number 815322018.

On September 29, 2015, Petitioner's nephew obtained an interim protective order from the District Court of Maryland for Baltimore City against Petitioner as a result of the September 28, 2015 incident. Petitioner's nephew subsequently obtained two temporary protective orders, the first on November 1, 2015, and the second on November 8, 2015. On November 15, 2015, Judge Gregory Sampson issued a final protective order against Petitioner, ordering that he immediately vacate The Property, allowing him to return to collect clothing and personal necessities only if accompanied by a law enforcement officer.

The September 28, 2015 incident also resulted in Petitioner being charged with violating his probation in case 814017027. Consequently, Judge Mays issued a violation of probation warrant in case 814017027 on November 6, 2015, which was served on November 13, 2015. On January 13, 2016, counsel for Petitioner, Jonathan Kerr, filed a motion in both cases, asking the Court to order a drug evaluation of Petitioner, to be performed by the Department of Health and Mental Hygiene pursuant to Health General Article 8-505.

On March 1, 2016, Petitioner tendered a guilty plea to second degree assault in case 815322018 before the Honorable Videtta A. Brown. Petitioner's probation in case 814017027 was transferred to Judge Brown and was also addressed on March 1, 2016. At the hearing, Petitioner acknowledged violating his probation in case 814017027 and was found guilty of same. Transcript, March 1, 2016, pg. 16. In lieu of sentencing Petitioner, Judge Brown held sentencing in both cases sub curia and committed him to the custody of the Department of Health and Mental Hygiene pursuant to Health General Article 8-507, as he was to be placed at the Recovery Network located at 814 North Broadway in Baltimore for inpatient residential treatment. Transcript, March 1, 2016, pg. 28. Judge Brown added that Petitioner was to appear before her on April 27, 2016 for a status hearing. Transcript, March 1, 2016, pg. 27.

On March 8, 2016 Petitioner was transported from the custody of the Division of Pre-trial Services to the Recovery Network. Transcript, March 17, 2016, pg. 7. Because of this transfer, Petitioner had no clothing other than what was left behind by other members of the treatment program. *Id.* On March 10, 2016, Petitioner went back to The Property to retrieve personal effects, despite his nephew's active protective order against him.

On March 11, 2016 Judge Brown rescinded her commitment of Petitioner to the Department of Health and Mental Hygiene upon learning that Petitioner had left The Recovery Network and returned to The Property. She further ordered that Petitioner remain in custody on a no bail status pending a disposition hearing that was scheduled for March 17, 2016.

The circumstances surrounding Petitioner's return to The Property were in dispute at the March 17, 2017 disposition hearing. Petitioner's nephew stated that Petitioner barged inside of the house and began yelling and making threats towards him and other members of the household. Transcript, March 17, 2016, pg. 15. The nephew further stated that Petitioner exited the house just before the attending officer arrived, and walked off shortly thereafter. *Id.*

Petitioner stated that the staff at the Recovery Network gave him permission to go [to] the detention center to get his clothing and at some point after doing so, he decided to go to The Property to retrieve his personal effects. Transcript, March 17, 2016, pg. 9. Petitioner stated that he never entered the house and did not harass anyone while he was there. *Id.* Petitioner further stated that he called the Baltimore City Police Department and arranged to have an officer present upon his arrival to facilitate his gathering of personal items. *Id.*

Judge Brown also received argument from Mr. Horne's counsel and the assigned Assistant State's Attorney. In case 814017027, Judge Brown imposed the entirety of the previously suspended four year and nine month sentence imposed by Judge Mays. In case 815322018, Judge Brown imposed a ten year sentence, suspending all but five years in favor of five years supervised probation thereafter,

>to run consecutive to the sentence in case 814017017.  Petitioner filed a motion [to] modify the sentences, which was subsequently denied without a hearing by Judge Brown on June 24, 2016.  Petitioner did not file for leave to appeal his conviction and sentence in case 815322018 nor his sentence in case 814017017.

*Horne v. State*, Case Nos. 814017027, 815322018; P.C. No. 11595 (Cir. Ct. for Balt. City, Feb. 6, 2018); ECF No. 8-1 33-37 (footnote omitted).

On May 2, 2016, Horne filed a petition for post-conviction relief in the Circuit Court for Baltimore County.  *See* ECF No. 8-1 at 7, 14-15.  On September 25, 2017, after obtaining counsel, Horne supplemented the petition to assert that his guilty-plea counsel rendered ineffective assistance by: (1) failing to secure the sentencing testimony of the officer who Horne alleged was present when he went back to The Property to retrieve his personal effects; and (2) failing to investigate Horne's mental health history.  *See id.* at 10, 20-22.  Following a hearing on December 18, 2017, during which Horne was represented by counsel, the post-conviction court denied Horne's petition by memorandum opinion and order entered on February 6, 2018, finding that Horne had not met his burden of showing deficient performance on the part of guilty-plea counsel, nor prejudice.  *See id.* at 10-11, 33-44.

On March 1, 2018, Horne sought leave to appeal from the denial of post-conviction relief, arguing that guilty-plea counsel: (1) failed to contact credible witnesses; (2) failed to investigate Horne's mental health issues; (3) allowed a state witness to provide unsworn testimony; (4) failed to challenge Horne's placement on no-bail status; and (5) failed to provide mitigating evidence prior to sentencing.  *Id.* at 11, 45-47.  Horne also asserted that post-conviction counsel improperly "allowed a false testimony" during the post-conviction proceeding.  *Id.*  On April 6, 2018, and June 8, 2018, Horne supplemented his application for leave to appeal, repeating the previously-noted claims and adding that the sentencing judge denied him a fair hearing.  *Id.* at 48-51.


By order dated July 16, 2018, the Maryland Court of Special Appeals dismissed Horne's application because he failed to "specify the errors allegedly committed by the [post-conviction] court," as required by Maryland Rule 8-204. *Horne v. State*, No. 251 (Post Conviction), Sept. Term 2018 (Md. Ct. Spec. App. (July 16, 2018), ECF No. 8-1 at 52. The appellate court's mandate issued on August 15, 2018, and Horne did not challenge the dismissal in the Maryland Court of Appeals. *See* ECF No. 8-1 at 11-12, 53.

By his Petition for Writ of Habeas Corpus filed in this Court, Horne claims that he is being detained in state custody illegally.[1] ECF No. 1. First, he alleges the post-conviction counsel rendered ineffective assistance by presenting testimony that he knew would be "vague." *Id.* at 5. Second, Horne claims that guilty-plea counsel was ineffective in failing to introduce evidence of his "medical and mental stability." *Id.* Third, Horne asserts that the state court judge made prejudicial statements during his sentencing. *Id.* Lastly, he claims that guilty-plea counsel was provided "insufficient time to prepare a defense." *Id.*

**II.     STANDARD OF REVIEW**

An application for writ of habeas corpus may be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). The federal habeas statute at 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("Act"), sets forth a "highly deferential standard for evaluating state-court rulings." *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997); *see also Bell v. Cone*, 543 U.S. 447, 455 (2005). In order to obtain relief on his claims, a petitioner must show that the adjudication of such claims at the state court level:

---

[1] In the Petition, Horne states that he is confined at the Central Maryland Correctional Facility, where the current warden is Tikaya Parker. Therefore, the Clerk will be directed to amend the docket to name the proper Respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (stating that "in habeas challenges to present physical confinement . . . the proper respondent is the warden of the facility where the prisoner is being held").

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Act further provides that:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

§ 2254(e)(1).

A state adjudication is contrary to clearly established federal law under § 2254(d)(1) where the state court 1) "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or 2) "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [the Supreme Court's]." *Williams v. Taylor*, 529 U.S. 362, 405 (2000) (citation omitted). Under the "unreasonable application" analysis under 2254(d)(1), a "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Thus, "an unreasonable application of federal law is different from an incorrect application of federal law." *Id*. (emphasis and citation omitted).

## III.  DISCUSSION

### A. Ineffective Assistance of Post-Conviction Counsel

Horne first asserts that post-conviction counsel rendered ineffective assistance by presenting "vague" testimony during the post-conviction hearing. Respondents correctly state that this claim is not cognizable in a federal habeas petition. ECF No. 8 at 12-13. For a claim of relief

presented under § 2254 to be cognizable for review, the petitioner must assert a violation of federal law. *See Wilson v. Corcoran*, 562 U.S. 1, 1 (2010) ("Federal courts may not issue writs of habeas corpus to state prisoners whose confinement does not violate federal law."); *see also Young v. Warden, Md. Penitentiary*, 383 F. Supp. 986, 1009 (D. Md. 1974) ("It is axiomatic that only the violation or denial of some federal constitutional right, and not alleged errors in the interpretation or application of state law, can be the basis for federal habeas corpus relief."), *aff'd*, 532 F.2d 753 (4th Cir. 1976). In reviewing a habeas petition, "a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (citations omitted).

There is no federal constitutional right to an attorney in state post-conviction proceedings. *Mackall v. Angelone*, 131 F.3d 442, 449 (4th Cir. 1997). Thus, "a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." *Id.* at 448 (quoting *Coleman v. Thompson*, 501 U.S. 722, 752 (1991)). As such, Horne's claim that post-conviction counsel rendered ineffective assistance does not raise a cognizable claim for relief through a federal habeas petition.

**B. Ineffective Assistance of Guilty-Plea Counsel**

Next, Horne asserts that his attorney at the guilty-plea hearing also rendered ineffective assistance. Respondents argue that Horne is procedurally barred from presenting this claim because the Maryland Court of Special Appeals rejected it based "on a state law ground that is independent of the federal question and adequate to support the judgment." ECF No. 18-19 (quoting *Coleman*, 501 U.S. at 729).

A petitioner seeking habeas relief in federal court generally must first exhaust the remedies available in state court. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *See* 28 U.S.C. § 2254(c). For a person convicted of a criminal offense in Maryland, exhaustion may be accomplished either on direct appeal or in post-conviction proceedings.

To exhaust a claim on direct appeal in non-capital cases, a defendant must assert the claim in an appeal to the Court of Special Appeals of Maryland and then to the Court of Appeals of Maryland by way of a petition for a writ of certiorari. *See* Md. Code Ann., Cts. & Jud. Proc. §§ 12-201, 12-301 (LexisNexis 2020). To exhaust a claim through post-conviction proceedings, a defendant must assert the claim in a petition filed in the Circuit Court in which the inmate was convicted within 10 years of the date of sentencing. *See* Md. Code Ann., Crim. Proc. §§ 7-101–7-103. After a decision on a post-conviction petition, further review is available through an application for leave to appeal filed with the Court of Special Appeals. *Id.* § 7-109. If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. Md. Code Ann., Cts. & Jud. Proc. § 12-202.

Nonetheless, the Supreme Court has held that a question of federal law decided by a state court is not subject to review "if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman*, 501 U.S. at 729 (citing *Fox Film Corp. v. Muller*, 296 U. S. 207, 210 (1935); *Klinger v. Missouri*, 80 U.S. 257, 263 (1872)). "This rule applies whether the state law ground is substantive or procedural." *Id.* (citing *Fox Film, supra*; *Herndon v. Georgia*, 295 U.S. 441 (1935)).

Here, Horne presented the ineffective assistance claim in his state petition for post-conviction relief and the court rejected it, finding that he failed to show both deficiency and prejudice pursuant to *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Although Horne

8

applied for leave to appeal the denial of post-conviction relief, he failed to "specify the errors allegedly committed by the lower court," as required by Maryland Rule 8-204(b)(3), and the Court of Special Appeals dismissed his application. Because the state appellate court's decision rested on a procedural state law ground independent of the federal question and was adequate to support the judgment, this Court need not review Horne's ineffective assistance claim.[2]

### C. Judicial Misconduct

Horne's remaining allegations relate to the judge's conduct during the guilty-plea and sentencing proceedings. Both of these claims, however, are unexhausted. Although Horne had the opportunity to seek leave to appeal from his guilty-plea conviction, *see* Md. Code Ann., Cts. & Jud. Proc. § 12-302, and raise these claims therein, he did not do so.

When a petitioner has failed to present a claim to the highest state court with jurisdiction to hear it, whether by failing to raise the claim on direct appeal or in post-conviction proceedings, or by failing to timely note an appeal, the procedural default doctrine applies. *See Coleman*, 501 U.S. at 749-50 (1991) (failure to note a timely appeal); *Murray v. Carrier*, 477 U.S. 478, 489-91 (1986) (failure to raise a claim on direct appeal). As relevant here, a procedural default occurs when a habeas petitioner fails to exhaust such available state remedies and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (quoting *Coleman*, 501 U.S. at 735 n.1).

If a procedural default has occurred, a federal court may not address the merits of a state prisoner's habeas claim unless the petitioner can show (1) cause for both the default and prejudice that would result from failing to consider the claim on the merits; or (2) that the failure to consider

---

[2] In any event, Horne has provided no basis for excusing his procedural default. *See Murray v. Carrier*, 477 U.S. 478, 495-96 (1986), *infra*, Section C.

the claim on the merits would result in a miscarriage of justice, specifically, the conviction of one who is actually innocent. *See Murray*, 477 U.S. at 495-96; *Breard*, 134 F.3d at 620. Where Horne has provided no basis for excusing his procedural default, his claims will be denied and dismissed.

## IV.    CONCLUSION

The Petition for habeas corpus relief will be denied and dismissed. When a district court dismisses a habeas petition, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When a district court rejects constitutional claims on the merits, a petitioner may satisfy the standard by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because Horne fails to satisfy this standard, the Court declines to issue a certificate of appealability.

A separate Order follows.

January 14, 2022                                    ___/s/_____
Date                                                            GEORGE J. HAZEL
                                                                    United States District Judge